UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED NATURALS, INC.,

    Plaintiffs,

v.

LXR BIOTECH, LLC; CAPITAL SALES COMPANY; CAPITAL SALES DISTRIBUTING, LLC; and CAPITAL SALES II, LLC,

    Defendants.
                                            /

Case No. 15-14299

Honorable Nancy G. Edmunds

**ORDER DENYING MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, TO DISSOLVE TRO [100]**

Before the Court is Defendant LXR Biotech's emergency motion for reconsideration of this Court's Order of clarification (Dkt. 99), or in the alternative, to dissolve the temporary restraining order.

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects. Although a court has the discretion to grant such a motion, it generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R. 7.1(h). To persuade the court to grant the motion, the movant "must not only demonstrate a palpable defect by which the court and the parties and other parties entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.*

Defendant LXR Biotech's motion does not satisfy the requirements of Rule 7.1(h). Defendant has not set out a palpable defect by which the Court has been misled. The stipulated temporary restraining order (TRO) entered by this Court on December 22, 2015 stated it would expire on February 10, 2016, at 5:00 p.m. unless extended by the Court. (Dkt. 14.) February 10 was the date scheduled for the hearing on Plaintiff's preliminary injunction motion, upon which date Defendants were ordered to "show cause why a further injunction should not issue." (*Id.*) In light of new documents presented to the Court on February 10, however, the Court reset the hearing for April 6 with agreement from all parties on the reset date. Because the hearing was reset, the Court subsequently clarified that the TRO remains in effect and is extended in the interim.[1]

As a preliminary matter, the Court notes that by its terms, the time limits in Rule 65(b) apply only to TROs issued without notice. Fed. R. Civ. P. 65(b). Here, the Court entered the stipulated TRO after notice was given, a telephone conference with all parties was held, Defendants were provided an opportunity to respond, and a hearing on the motion for a TRO was held. (*See, e.g.*, Dkt. 5, 8, 10, 11.) But even if the time limits were applicable, the clarification Order is supported by case law stating that district courts have some leeway to extend a restraining order beyond such time limits pending a hearing on the motion for a preliminary injunction. *See, e.g.*, *Maine v. Fri*, 483 F.2d 439, 441 (1st Cir. 1973) (citing 11A Wright & Miller, Fed. Prac. & Proc. Civ. § 2953 (noting that extending a TRO beyond time limits "might be legitimate ... when the preliminary injunction hearing has not been held

---

[1]Though the clarification Order did not explicitly state, the extension of the TRO is to the date of the hearing on the preliminary injunction (April 6, 2016), unless otherwise ordered.

within that time")); *Almetals, Inc. v. Wickeder Westfalenstahl, GMBH*, No. 08-10109, 2008 WL 624067, at *2-3 (E.D. Mich. Mar. 6, 2008) (Edmunds, J.); *United States v. Prof'l Air Traffic Controllers Org. (PATCO)*, 527 F. Supp. 1344, 1346 n.1 (N.D. Ill. 1981). The preliminary injunction hearing was rescheduled to be held as expeditiously as possible, and the extension of the TRO until such reset hearing date is appropriate here.

For these reasons, the Court DENIES Defendant's motion for reconsideration, or in the alternative, to dissolve the TRO.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 14, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager