UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED NATURALS, INC.,

    Plaintiff,

v.

LXR BIOTECH, LLC; CAPITAL SALES
COMPANY, CAPITAL SALES
DISTRIBUTING, LLC, and CAPITAL
SALES II, LLC,

    Defendants.
_____/

Case No. 15-14299

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [72] AND DENYING AS MOOT MOTIONS TO DISMISS AND MOTION FOR PRELIMINARY INJUNCTION [12, 34, 35]**

This matter comes before the Court on Plaintiff's motion for leave to file a first amended complaint. For the reasons stated herein, the Court GRANTS Plaintiff's request.

**I.   Background**

As alleged, Plaintiff United Naturals, Inc. (UNI) manufactures and sells herbal supplement beverages under the VIVAZEN name pursuant to a license agreement. (Dkt. 1, at ¶¶ 15-18.) The purported original owner and licensor of the VIVAZEN trademark and trade dress was Simply Marketing, Inc. (SMI). (Dkt. 35-6, at ¶ 9.) Effective October 31, 2015, SMI allegedly assigned its licensing agreement with UNI to another entity, Lighthouse Enterprises, Inc. (LEI), in connection with the sale of all rights to the VIVAZEN trademark and trade dress.[1] (*Id.* at ¶ 10.)

---

[1]All three entities are alleged to be closely related; Steve Curtis is the director of SMI, the President and Secretary of UNI, and a director of LEI. (Dkt. 35-6, at ¶¶ 5-11.)

In its complaint filed on December 10, 2015, UNI alleges Defendants are manufacturing and selling knock-off VIVAZEN products without authorization. (Dkt. 1, at ¶¶ 34-53.) On December 22, the Court entered a stipulated temporary restraining order. (Dkt. 14.) Limited expedited discovery has since taken place. On February 15, 2016, UNI filed the instant motion for leave to file a first amended complaint, seeking to add new plaintiffs, including LEI and Viva Botanicals Inc. (VBI), an alleged licensee of VIVAZEN intellectual property for non-kratom products. (Dkt. 72.) UNI also seeks to add defendants and adjust the factual allegations and claims in this action. (*Id.*)

## II.  Analysis

The Court is to freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants argue the proposed amended complaint would be futile. The Court disagrees.

A proposed amendment is futile if the complaint, as amended, would not withstand a motion to dismiss. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 382-83 (6th Cir.1993). That is, a proposed amended complaint is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Defendants argue the amended complaint is futile because neither UNI nor the proposed plaintiffs had standing on December 10, 2015, when this case was filed. (Dkt. 79, at 10-16; Dkt. 84, at 7-18.) *See also Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 524-26 (6th Cir. 2001) (standing must exist at the time of filing of the complaint).

To establish standing, a plaintiff must have (1) suffered a concrete and particularized injury in fact (an "invasion of a legally protected interest"), (2) that is fairly traceable to the defendant's challenged action, and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

The proposed amended complaint brings several claims under Section 43(a) of the Lanham Act, which authorizes "any person who believes that he or she is likely to be damaged" by a prohibited act to bring suit. 15 U.S.C. § 1125(a).[2] As the alleged owner and licensed users of VIVAZEN intellectual property, all proposed plaintiffs have sufficiently alleged they believe they are likely to be injured by Defendants purported acts of manufacturing or selling knock-off VIVAZEN products. The fact that UNI and VBI may not have exclusive licenses does not alter this analysis. Non-exclusive licensees (and even mere users of a trademark) may have standing to bring suit under Section 43(a). *See, e.g.*, *Murphy v. Provident Mut. Life Ins. Co.*, 756 F. Supp. 83, 86 (D.Conn.) *aff'd*, 923 F.2d 923 (2d Cir.1990) ("[T]he question of ownership is immaterial to standing under § 43(a), since standing may lie with mere users of trademarks."). As the purported current owner and licensed users of the VIVAZEN trademark and trade dress, the Court finds the proposed Plaintiffs have sufficiently alleged an invasion of a legally protected interest under Section 43(a), traceable to Defendants' actions that would be redressed by a favorable decision. The Court's previous concerns regarding restrictions in UNI's license agreement that may have precluded it from bringing suit have been addressed by documents subsequently

---

[2] This language is broader than the language of § 32, the section for registered marks, which permits only registrants of trademarks to bring suit. 15 U.S.C. § 1114.

provided to the Court, as well as LEI's proposed participation in this suit as a Plaintiff.[3] (*See, e.g.*, Dkt. 74-9.)

Defendants also argue LEI lacks standing because, they claim, the sales agreement giving LEI rights to the VIVAZEN intellectual property was not final on the date the complaint was filed. (*See, e.g.*, Dkt. 79, at 11-14; Dkt. 84, at 12-14.) For support, Defendants point to the December 17 declaration of UNI's director of tax strategy, Sue Tsiang, stating that "[s]ome of the terms of the sales agreement are still under negotiation and the agreement is expected to be finalized by the end of 2015." (*See, e.g.*, Dkt. 84, at 13.) Defendants contend this statement by Ms. Tsiang, along with her testimony in January that she did not know whether the transfer of interest had been signed yet, shows that LEI did not have standing on December 10.[4] (*Id.*) That there may have been "some terms" that had not been finalized, however, does not mean that LEI did not have a legally protected interest in VIVAZEN intellectual property on December 10. Both the proposed amended complaint and Ms. Tsiang's declaration state that an agreement to sell LEI the VIVAZEN

---

[3] Under UNI's license agreement with LEI, UNI is permitted to bring suit only "at the sole discretion and participation of [LEI]" and such suit must be brought "on behalf of [LEI]." (Dkt. 59 at 11.) While neither UNI's original complaint nor its subsequent briefing demonstrated compliance with these restrictions, documents subsequently provided to this Court aver that prior to commencement of this litigation, LEI "authorized and requested [UNI] to pursue this present legal action" and "LEI participated in the decision to bring this action and in strategy decisions related to this action." (*See, e.g.*, Dkt. 74-9, at ¶ 9.) The license agreement between VBI and LEI appears to contains similar restrictions, and the Court likewise views LEI's participation as a co-plaintiff as compliance with such restrictions. (Dkt. 74-12.)

[4] Defendants also point to the November 17, 2015 trademark application for VIVAZEN filed in SMI's name (*e.g.,* Dkt. 84, at 13); UNI explains, however, that this application was filed "mistakenly in the name of SMI rather than LEI ... and the erroneous SMI application was withdrawn." (Dkt. 95, at 4 n.2.)

intellectual property was entered into on October 31. (Dkt. 72-2, at ¶ 23; Dkt. 35-5, at 6.) And, as UNI notes, an agreement can exist prior to memorializing it in writing, so long as the parties have agreed on the essential terms. *See, e.g., Scholnick's Importers-Clothiers, Inc. v.* Lent, 130 Mich. App. 104, 109 (1983) (finding parties may make an "enforceable contract which binds them to execute a subsequent written agreement"). Viewing the proposed well-pleaded facts in the light most favorable to Plaintiff, the Court cannot conclude that LEI lacked standing on December 10, nor that the proposed amendments are futile. As such, leave to amend should be freely given.

### III. Conclusion

For the above-stated reasons, the Court GRANTS Plaintiff's motion for leave to file a first amended complaint. The pending motions to dismiss (Dkt. 12, 34) and for a preliminary injunction (Dkt. 35) are DENIED AS MOOT. The parties will be allowed to file similar motions in relation to the first amended complaint, if warranted. Because the temporary restraining order entered by this Court remains in effect, however, if Plaintiffs wish to re-file a motion for a preliminary injunction, they are ORDERED to do so by March 21, 2016. Defendants must respond by March 28. If Plaintiffs choose to file a reply, they must do so by April 4. The Court will hear the motion for a preliminary injunction (should Plaintiffs choose to file one) as originally scheduled on April 6, 2016 at 2:00 p.m. If such motion is not timely re-filed, the Court will consider any request to dissolve the temporary restraining order, if appropriate.

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: March 14, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2016, by electronic and/or ordinary mail.

                        S/Carol J. Bethel
                        Case Manager