UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED NATURALS INC., LIGHTHOUSE
ENTERPRISES INC. and VIVA
BOTANICALS INC,

      Plaintiffs,

v.

LXR BIOTECH, LLC, CAPITAL SALES
COMPANY, CAPITAL SALES
DISTRIBUTING, LLC, VIVA ZEN SALES,
LLC, VIVA ZEN DISTRIBUTING, LLC, and
ANDREW H. KRAUSE,

      Defendants.
_____/

Case No. 15-14299

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFFS' MOTION FOR A REDUCTION IN BOND AMOUNT [142]**

This matter comes before the Court on Plaintiffs' motion for a reduction in bond amount. For the reasons stated herein, Plaintiffs' motion is GRANTED and it is hereby ORDERED that the bond be reduced to $75,000.

On April 8, 2016, the Court held a hearing on Plaintiffs' motion for a preliminary injunction. At the hearing, the Court determined that under the traditional eight-factor *Frisch* analysis, Defendants' use of the VIVAZEN mark clearly causes a likelihood of confusion among consumers. *See Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982). That is, as the Court stated, there is no question that Defendants are "stomping on" Plaintiffs' mark by using a nearly identical name and label on their herbal supplement beverages. The remaining question, then, is whether Defendants can show they are entitled to use the VIVAZEN mark by through one or more

of their affirmative defenses. Before the Court can rule on the preliminary injunction motion, however, expedited discovery and an evidentiary hearing on the affirmative defenses are necessary. Accordingly, the Court scheduled an evidentiary hearing for August 9, 2016 and extended the temporary restraining order in the interim. (Dkt. 133.) In addition, the Court ordered the initial bond amount of $75,000 to be increased to $800,000. (*Id.*)

The day before the increased bond was due, Plaintiffs filed the instant motion advising the Court of their inability to post or otherwise obtain a commercial bond in the amount due. (Dkt. 142.) The Sixth Circuit has recognized that a district court has "broad discretion in setting the bond amount." *Static Control Components, Inc. v. Lexmark Int'l, Inc.* 697 F.3d 387, 400 (6th Cir. 2012). A court may consider various factors when determining the appropriate bond amount, including the likelihood of success on the merits as well as Plaintiffs' financial condition. *Cole v. ArvinMeritor, Inc.*, 516 F. Supp. 2d 850 (E.D. Mich. 2005). Based on the Court's finding that Defendants' use of the VIVAZEN mark is likely to cause consumer confusion, as well as the newly presented evidence regarding Plaintiffs' financial condition, the Court in its discretion GRANTS Plaintiffs' request to reduce the bond to $75,000.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 12, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 12, 2016, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager